AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A black Apple iPhone in a black case, held at the Boulder County Sheriff's Office Evidence Section, 5600 Flatiron Parkway, Boulder, Colorado 8030, as part of case number 19-4024, item AJM-1, and more fully described in Attachment C, attached hereto.

)
)
)
)
)
)
)
)
)

Case No.

19-sw-06027-SKC

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
2:06 pm, Nov 06, 2019
**JEFFREY P. COLWELL, CLERK**

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the  State and   District of  Colorado   *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT C"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT D"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  10/30/19  *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Magistrate Judge S. Kato Crews  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30).*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  10/16/2019, 6:37 pm          _____
                                                                                      *Judge's signature*

City and state:    Denver, CO                            Magistrate Judge S. Kato Crews
                                                                  *Printed name and title*

## ATTACHMENT C

## **DESCRIPTION OF LOCATION TO BE SEARCHED**

A black Apple iPhone in a black case, held at the Boulder County Sheriff's Office Evidence Section, 5600 Flatiron Parkway, Boulder, Colorado 8030, as part of case number 19-4024, item AJM-1.

.

## ATTACHMENT D

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the SUBJECT DEVICE listed and described in ATTACHMENT C, the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of federal law, including Title 18, United States Code, Sections 844(h) (arson in commission of mail and wire fraud), 922 (felon in possession of a firearm), 1028A (aggravated identity theft), 1343 (wire fraud) and 1344 (bank fraud) as well as federal drug laws, including Title 21, United States Code, Sections 841(a)(1) and (b) (distributing and possessing with intent to distribute oxycodone, a Schedule II controlled substance), and 843(a)(3) (acquiring controlled substances through fraud) **(hereinafter "SUBJECT CRIMES")**:

1. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of **SUBJECT CRIMES**:

2. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the SUBJECT DEVICE or by other means for the purpose of committing violations of **SUBJECT CRIMES**.

3. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of **SUBJECT CRIMES**.

4. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of **SUBJECT CRIMES**.

5. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of **SUBJECT CRIMES** or that show who used, owned, possessed, or controlled the Device(s).

6. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device(s), or that aid in the identification of persons involved in violations of **SUBJECT CRIMES**.

7. Credit card information, bills, and payment records pertaining to violations of **SUBJECT CRIMES**.

8. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of **SUBJECT CRIMES**.

9. Evidence of who used, owned, or controlled the SUBJECT DEVICE to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence.

10. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding an individual known as "Austin" pertaining to violations of the **SUBJECT CRIMES.**

11. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding VENCEL RELATIVE 4 regarding insurance claims on the SUBJECT PREMISES that pertain to the **SUBJECT CRIMES**.

12. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding VICTIM DOCTOR 1 that pertain to the **SUBJECT CRIMES.**

13. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding pharmacists and doctors, including PHARMACISTS 1 and 2 and VICTIM DOCTOR 2 that pertain to the **SUBJECT CRIMES**.

14. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding VICTIM CAR DEALERSHIP that pertain to the **SUBJECT CRIMES.**

15. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding VICTIM LANDLORDS 1 and 2 that pertain to the **SUBJECT CRIMES**.

16. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding VICTIM INSURANCE COMPANY that pertain to the **SUBJECT CRIMES**.

17. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium regarding VICTIM TITLE COMPANY that pertain to the **SUBJECT CRIMES**.

18. Evidence of software that may allow others to control the SUBJECT DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software.

19. Evidence of the attachment to the SUBJECT DEVICE of other storage devices or similar containers for electronic evidence.

20. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICE.

21. Evidence of how and when the SUBJECT DEVICE were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

22. The telephone number, ESN number, IMEI, serial number, and/or SIM card numbers of or contained in the SUBJECT DEVICE.

23. Passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICE.

24. Contextual information necessary to understand the evidence described in this attachment.

DEFINITIONS:

25. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

# Return

| Case No.: | Date and time warrant executed: 10/22/2019 8:01 a.m. | Copy of warrant and inventory left with: Provided via email to Boulder Public Defender, Jessica Hempstead |
|---|---|---|

Inventory made in the presence of: N/A

Inventory of the property taken and name of any person(s) seized:

Digital information extracted from the device's SIM card

Nothing Further

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:07 pm, Nov 06, 2019
JEFFREY P. COLWELL, CLERK

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 11/6/2019

_Executing officer's signature_

Justin Stern, FBI Special Agent
_Printed name and title_

1